UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Margaret A. Goederer,

    Plaintiff,

    v.                                            Case No.  1:05cv154

Roman Catholic Archdiocese           Judge Michael R. Barrett
of Cincinnati, et al.,

    Defendants.

## OPINION AND ORDER

Before the Court is Magistrate Judge Hogan's March 31, 2006 Report and Recommendation (hereinafter "Report") (Doc. 25).  Defendants Roman Catholic Archdiocese of Cincinnati, Daniel E. Pilarczyk, St. Gertrude's Parish and School and Fr. Ken Letoile (hereinafter collectively "Church Defendants") filed Objections to the Magistrate's Report on April 12, 2006 (Doc. 88).

*Pro se* Plaintiff Margaret A. Goederer (hereinafter "Plaintiff") asserts claims against the Church Defendants for loss and damage to her property due to erosion, and destruction of property due to sedimentary deposits.  Further, Plaintiff asserts that the loss of her property and the Church Defendants' disregard for her rights and violation of local, state and federal environmental laws and regulations constitutes intentional infliction of emotional distress.

In the Report, the Magistrate recommends granting the April 19, 2005 Motion of Church Defendants (Doc. 5) to Dismiss to the extent Plaintiff's Complaint could be construed to assert §1983 claims against the Church Defendants.  Additionally, the Magistrate recommends denying the April 19, 2005 Motion of Church Defendants to

Dismiss Plaintiff's state law claims at this time.  The Magistrate determined the exercise of supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) was appropriate currently.

In their objections, the Church Defendants contend the Magistrate properly recommended dismissal of all federal claims asserted against them by Plaintiff. However, the Church Defendants maintain the Magistrate erred in recommending the single pendent party state law claim asserted by Plaintiff remain pending at this time.

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b).  After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B).  General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir. 1991).

Upon *de novo* review, the Court concludes exercising supplemental jurisdiction pursuant to 28 U.S.C. §1367 is appropriate under the current circumstances. Accordingly, the March 31, 2006 Report and Recommendation of Magistrate Judge Hogan (Doc. 25) is hereby **ADOPTED**.  The April 19, 2005 Motion of Church Defendants to Dismiss (Doc. 5) is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS SO ORDERED.**

                                                     s/Michael R. Barrett
                                                     Michael R. Barrett, Judge
                                                     United States District Court